**EXHIBIT A**



Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL 33146

December 31, 2019

BARRY S. MILLER, ESQ.
MICHAEL ANTEBI
1211 LIBERTY AVE
HILLSIDE, NJ 07205-2022

Dear Customer:

Our records indicate that Bayview Loan Servicing, LLC has completed your loan modification. Enclosed, please find a copy of your fully executed modification agreement for your record.

If you have any questions or concerns, please do not hesitate to call 1-800-457-5105, Monday through Friday, 9:00am to 6:00pm ET.

Sincerely,

Customer Service Department
Bayview Loan Servicing, LLC

## Disclaimers and Notices

**Important Notice for Oregon Residents: Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (888) 877-4894 or visit http://dfr.oregon.gov.**

Bayview Loan Servicing, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with nonbankruptcy law and/or informational purposes only. It does not constitute an attempt to collect a debt, to reaffirm a debt, or to impose any personal liability on you. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. If your original obligation was discharged, any payment you make on the account is voluntary, but we still have rights under the security instrument, including the right to foreclose on the property. If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number. Bayview Loan Servicing, LLC., NMLS #2469.

**Confirmed SII Disclaimer:** f you are a confirmed successor in interest of the account, unless you assume the mortgage loan obligation under state law, you are not personally liable for the mortgage debt and cannot be required to use your own assets to pay the mortgage debt.

**The following mailing address must be used for all Error Notices & Information Requests: Bayview Loan Servicing, LLC, Customer Support, 4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146.**



AM750 Countersigned Cover and Agreement Rev. 10/2019 V1.0 Loan No.: 2640863

01034

After Recording Return to:

Bayview Loan Servicing, LLC
Attn: Collateral Department
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146



_____ [Space Above This Line For Recording Data] _____

Servicer Loan # 2640863
Investor Loan # 1736511812
MIN # 1003126-0008090813-8

# LOAN ADJUSTMENT AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), is effective November 20, 2019, between **MICHAEL ANTEBI and MEYER ELNADAV ("Borrower")** and **Fannie Mae a.k.a. Federal National Mortgage Association ("Lender") through the loan servicer Bayview Loan Servicing, LLC ("Servicer")**, and Mortgage Electronic Registration Systems, Inc.("MERS") ("Mortgagee"), amends and supplements (1) the Mortgage (the "Security Instrument") and (2) the Note, bearing the same date as, and secured by the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**133 LIBERTY DR LAKEWOOD, NJ 08701**
(Property Address)

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of November 20, 2019, the amount payable under the Note and the Security Instrument (the " New Principal Balance") is U.S. $ 379,462.84 , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $ 8,564.94 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $370,897.90 . Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 3.875%, from 11/01/2019. Borrower promises to make monthly payments of principal and interest of U.S. $1,521.42 , beginning on 12/01/2019, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of 3.875% will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be 11/01/2059.



3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and the Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)   all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)   all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:

    (a)   All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)   All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any

way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.



(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, to the extent permitted by the contract and applicable law, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

(g) This Agreement does not reaffirm any pre-existing debt to the extent it was previously discharged in a bankruptcy proceeding.

(h) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the [Mortgagee] [Beneficiary] of record under the Security Instrument and this Agreement. MERS is organized and existing under the laws of Delaware, and has an address of P.O. Box 2026, Flint, MI 48501-2026. The MERS telephone number is (888) 679-MERS.

7. Paragraph intentionally left blank.

8. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

9. If your original loan documents included standard Fannie Mae/Freddie Mac Uniform Instrument provisions for escrow items, you may disregard the following paragraphs:

Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority

over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

10. If one or more riders are executed by the Borrower and recorded together with this Modification, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Modification as if the rider(s) were a part of this Modification.

    ☐ 1-4 Family Rider — Assignment of Rents
    ☐ Modification Due on Transfer Rider
    ☐ Bankruptcy Rider

11. Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or e-mail address Borrower has provided to Lender or Third Parties.

    By checking this box, Borrower also consents to being contacted by text messaging ☐.

This Agreement does not reaffirm any pre-existing debt to the extent it was previously discharged in a bankruptcy proceeding.

- REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK, SIGNATURE PAGES TO FOLLOW -

**Borrower:**

By: _____     Date: 12-2-19
MICHAEL ANTEBI (Borrower)

By: _____     Date: 12/2/19
MEYER ELNADAV (Borrower)



---

**STATE OF NEW ~~JERSEY~~ York NOTARY ACKNOWLEDGEMENT**

STATE OF    NEW ~~JERSEY~~ York    )
                                  ) SS
COUNTY OF _____   )

On this 2nd day of December 20 19, before me, the subscriber personally appeared **MICHAEL ANTEBI and MEYER ELNADAV** who, I am satisfied, is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they signed, sealed and delivered the same as his/her their act and deed, for the purposes therein expressed.

WITNESS my hand and official seal this the 2nd, day of December, 2019.

[Official Notary Seal]
FARHIN AZAD
Notary Public - State of New York
NO. 01AZ6395882
Qualified in Bronx County
My Commission Expires Aug 5, 2023

By: Farhin Azad
Notary Public: _____
My Commission Expires: 08/05/2023

**Notary Information**
**(To Be Completed by Notary Acknowledging Transaction Documents)**
Notary's Full Name (as it appears on official Notary Stamp/Seal):
Farhin Azad
Notary Contact: Primary Phone: (212) 271-8814
Cell Phone: (___) _____
E-mail: farhin.azad@TD.com
**Notary License Information:**
County and State in which notary is licensed: The Bronx, NY
License/Commission Number: 01AZ6395882
Expiration Date: 08/05/2023

Signature _____

---

## JOINDER TO LOAN MODIFICATION AGREEMENT

The undersigned hereby joins into the execution of the above-referenced Loan Modification Agreement for the purpose of consenting to the modification of the mortgage described therein and encumbering any interest in the Property (as defined above) held by the undersigned with the lien of such mortgage as modified.

By: _____ Date: _____
   (Non-obligor)



---

### STATE OF NEW JERSEY NOTARY ACKNOWLEDGEMENT

STATE OF     NEW JERSEY           )
                                  ) SS
COUNTY OF  _____  )

On this _____ day of _____ 20____, before me, the subscriber personally appeared _____ who, I am satisfied, is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they signed, sealed and delivered the same as his/her their act and deed, for the purposes therein expressed.

WITNESS my hand and official seal this the _____, day of _____, _____.

[Official Notary Seal]             By: _____
                                   Notary Public: _____
                                   My Commission Expires: _____

**Notary Information**
**(To Be Completed by Notary Acknowledging Transaction Documents)**
Notary's Full Name (as it appears on official Notary Stamp/Seal):
_____
Notary Contact: Primary Phone: (_____) _____
Cell Phone: (_____) _____
E-mail: _____
**Notary License Information:**
County and State in which notary is licensed: _____, _____
License/Commission Number: _____
Expiration Date: _____

_____
Signature

**ACKNOWLEDGED AND ACCEPTED BY SERVICER:**

By: _____  Tatiana Lesmes, AVP  Date: 12/10/19
Bayview Loan Servicing, LLC, Attorney in Fact for Fannie Mae - Lender



---

### NOTARY ACKNOWLEDGEMENT

STATE OF  Florida  )
                   ) SS
COUNTY OF  Miami Dade  )

On  12-10-19 , before me,  Yadira Fonseca , a notary public for and within the said county, personally appeared,  Tatiana Lesmes ,  AVP , of Bayview Loan Servicing, LLC, as Servicer, whose address is 4425 Ponce de Leon Blvd., 5th Floor Coral Gables, FL 33146 personally known to me *(or proved to me on the basis of satisfactory evidence)* to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) acted, executed the instrument.

WITNESS my hand and official seal this the  10 , day of  December , 2019 .

[Official Notary Seal]
Yadira Fonseca
Comm.# GG342667
Expires: June 6, 2023
Bonded Thru Aaron Notary

By: _____
Notary Public: _____
My Commission Expires: _____

**Notary Information**
(To Be Completed by Notary Acknowledging Transaction Documents)
Notary's Full Name (as it appears on official Notary Stamp/Seal):
_____

Notary Contact: Primary Phone: (____) _____
Cell Phone: (____) _____
E-mail: _____
**Notary License Information:**
County and State in which notary is licensed: _____
License/Commission Number: _____
Expiration Date: _____

Yadira Fonseca
Comm.# GG342667
Expires: June 6, 2023
Bonded Thru Aaron Notary

_____
Signature

---

LOAN MODIFICATION AGREEMENT -Single Family- Fannie Mae UNIFORM INSTRUMENT Modified Form 3179 1/01 (rev. 4/14)
AM743 V 3.3 Loan No.: 2640863                                                                 (Page 8 of 8)

## SAME NAME/SIGNATURE AFFIDAVIT

STATE OF __New York__ )
                     ) SS
COUNTY OF __New York__ )

I, _____, first being duly sworn, depose and say:

That I am the mortgagor of the property located at 133 LIBERTY DR LAKEWOOD, NJ 08701.

That the signature affixed hereto is my proper and legal signature.

I AM ALSO KNOWN AS, AND AM ONE AND THE SAME PERSON AS:

Michael Antebi, Meyer Ehadav

The undersigned makes this affidavit to inducer Fannie Mae a.k.a. Federal National Mortgage Association ("Lender") through the loan servicer Bayview Loan Servicing, LLC ("Servicer") to lend funds in regards to the above-referenced transaction and to induce _____ to issue a title insurance policy in connection with the above referenced transaction.

STATE OF __New York__ )
                     ) SS
COUNTY OF __New York__ )

Sworn to before me this __2nd__ day of __December__, 20__19__

[Official Notary Seal]

By: __Farhin Azad__
Notary Public: _____
My Commission Expires: __08/05/2023__

AM743 Modification Cover & Agreement - FNMA Regular V 3.3 Loan No.: 2640863

## AFFIDAVIT OF CONDOMINIUM OR HOMEOWNER'S ASSOCIATION STATUS

STATE OF  New York  )
                   ) SS
COUNTY OF  New York  )

BEFORE ME, the undersigned Notary Public, personally appeared  Michael Antebi and Meyer Elnadav , who upon being duly sworn, deposes and states upon his/her/their oath and affirmation, the following:

1. I/We, _____, am/are the current owner(s) of the property located at: _____

2. The property identified in Paragraph 1 [ ] IS  [ ] IS NOT a condominium or planned unit development, and [ ] IS  [ ] IS NOT subject to assessments for condominium or homeowner's association dues.

3. (Complete this paragraph only if there is an Association):
   The name of the Association is _____.
   Association dues are $_____ per month, and (circle correct answer and complete as necessary):
   A. All payments are current as of the date of this affidavit.
       OR
   B. Dues are delinquent in the amount of $_____.

Dated this  2  day of  December , 20 19

_____          _____
Borrower                            Borrower

STATE OF  New York  )
                   ) SS
COUNTY OF  New York  )

Sworn to before me this  2nd  day of  December , 20 19

[Official Notary Seal]

By: Farhin Azad
Notary Public: _____
My Commission Expires: 08/05/2023

```
FARHIN AZAD
Notary Public - State of New York
NO. 01AZ6395882
Qualified in Bronx County
My Commission Expires Aug 5, 2023
```



**MARITAL STATUS FORM**
Please Complete This Form In Its Entirety

I, _Michael Antebi_____, am a

(please check one)

☐ SINGLE

☑ MARRIED – Please include date of marriage: _1-9-12_ and spouse's name: _Yael J Antebi_

☐ DIVORCED – Please include date of divorce: _____ Recorded Quit Claim Deed (if applicable), Divorce Decree/Final Judgment of Divorce and Settlement/Separation Agreement

☐ SEPARATED – Please include Recorded Quit Claim Deed (if applicable) and Separation Agreement

☐ WIDOWED – Please include copy of Death Certificate and Probate Documents, if any

☐ REGISTERED DOMESTIC PARTNER and domestic partner's name: _____

(please check one)

☑ MAN

☐ WOMAN

Property address is: _133 Liberty Dr Lakewood NJ 08701_
Mailing address is: _133 Liberty Dr Lakewood NJ 08701_

_____ Date: _12-2-19_

_Yael J Antebi_ Date: _12-2-19_

AM743 Modification Cover & Agreement - FNMA Regular V 3.3 Loan No.: 2640863

# CORRECTION AGREEMENT
# LIMITED POWER OF ATTORNEY

MICHAEL ANTEBI and MEYER ELNADAV, the undersigned Borrower(s)/Co-Borrower (s) have entered into a transaction with Fannie Mae a.k.a. Federal National Mortgage Association ("Lender") through the loan servicer Bayview Loan Servicing, LLC ("Servicer"), involving Borrower(s) execution of several agreements, instruments and documents (collectively, the "Original Documents"). Upon request by, or on behalf of Lender, Lender's agents, and/or Lender's attorney's, the undersigned Borrower(s) will, within five (5) business days of any such request, execute any agreement, document or instrument that ought to have been signed at or before the execution of the Original Documents, or will re-execute any Original Document incorrectly completed and/or signed in connection with the Original Documents. Borrower(s) failure to take any such requested action shall constitute a default under the Original Documents.



If Lender has not received a response from Borrower(s) within the aforementioned five (5) business day period, the Borrower(s), for and in consideration of the transaction entered into with Lender, hereby grant Lender, Lender's agents or Lender's attorney, and its successors and/or assigns, a power of attorney so that Lender, Lender's agent or Lender's attorney may act in Borrower(s) place and stead in any way in which Borrower(s) could act if present. Such power of attorney shall be granted for and the sole purpose of correcting said Original Documents, on Borrower(s) behalf without prior notice and include, without limitation of the right of Lender, Lender's agents, and Lender's attorneys, to correct any typographical or clerical errors, to place blanks and/or to attach exhibits/schedules to any Original Document, to provide and complete and proper form of any instrument previously executed, and to perform any and every act required or necessary to effectuate the adjustment or correction of any such errors, without prior notice. This Power of Attorney shall take effect upon the date of this Agreement.

The Power of Attorney created herein is a durable power of attorney which shall be irrevocable during the term set forth in the Original Documents (as such Original Documents may be amended, revised, and/or extended), and shall not be affected by Borrower(s) subsequent disability, incompetence or incapacity.

IN WITNESS WHEREOF, the undersigned have duly executed this Correction Agreement Limited Power of Attorney.

**Borrower:**

By: _____  Date: /2-2-/9
MICHAEL ANTEBI (Borrower)

By: _____  Date: 12/2/19
MEYER ELNADAV (Borrower)

AM743 Modification Cover & Agreement - FNMA Regular V 3.3 Loan No.: 2640863

## STATE OF NEW ~~JERSEY~~ York NOTARY ACKNOWLEDGEMENT

STATE OF    NEW ~~JERSEY~~ York )
                                            ) SS
COUNTY OF    New York    )

On this 2nd day of December 20 19, before me, the subscriber personally appeared **MICHAEL ANTEBI and MEYER ELNADAV** who, I am satisfied, is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they signed, sealed and delivered the same as his/her their act and deed, for the purposes therein expressed.

WITNESS my hand and official seal this the 2nd , day of December , 2019.

[Official Notary Seal]
FARHIN AZAD
Notary Public - State of New York
No. 01AZ6395882
Qualified in Bronx County
My Commission Expires Aug 5, 2023

By: Farhin Azad
Notary Public:
My Commission Expires: 08/05/2023

**Notary Information**
**(To Be Completed by Notary Acknowledging Transaction Documents)**
Notary's Full Name (as it appears on official Notary Stamp/Seal):
Farhin Azad
Notary Contact: Primary Phone: (212) 271-8814
Cell Phone: (    )
E-mail: farhin.azad@TD.com
**Notary License Information:**
County and State in which notary is licensed: The Bronx , NY
License/Commission Number: 01AZ6395882
Expiration Date: 08/05/2023

Signature

AM743 Modification Cover & Agreement - FNMA Regular V 3.3 Loan No.: 2640863